IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHARLES TOWNSEND,              )
                              )
        Plaintiff,             )
                              )
    v.                         )    CIVIL ACTION NO. 1:19-CV-986-ECM
                              )
HOUSTON COUNTY, *et al.*,       )
                              )
        Defendants.            )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff initiated this 42 U.S.C. § 1983 action challenging conditions at the Houston County Jail.  After reviewing the complaint, the court deemed it necessary that Plaintiff file an amended complaint due to several deficiencies in this pleading.  A detailed order was therefore issued explaining the need for an amended complaint and providing Plaintiff specific instructions with respect to filing the amended complaint.  (Doc. 6). The Clerk mailed a copy of this order to Plaintiff at the last address he provided for service.[1]  The postal service returned this order as undeliverable because Plaintiff no longer resided at this address.

Based on the returned mail, the court entered an order requiring Plaintiff to inform the court of his current address on or before January 22, 2020.  (Doc. 7).  This order specifically cautioned Plaintiff that "[i]f [he] fails to respond to this order, the Magistrate Judge will recommend that this case be dismissed due to his failure to keep the court apprised of his current address and because, in the absence of such, this case cannot proceed

---

[1] The last address provided by Plaintiff is the Houston County Jail.

before this court in an appropriate manner." (Doc. 7).  As of the present date, the court has

received no response from Plaintiff to the aforementioned order nor has Plaintiff provided

the court with an address where he may be served as is necessary to proceed in this case.

The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than

dismissal is appropriate.  *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*,

248 F. App'x 116, 117–18 (11th Cir. 2007).  After such review, the court finds that

dismissal of this case is the proper course of action.  Initially, the administration of this

case cannot properly proceed in Plaintiff's absence.  It likewise appears that Plaintiff is no

longer interested in the prosecution of this case as he has not made his whereabouts known

to the court.  Finally, under the circumstances of this case, the court finds that any

additional effort by this court to secure Plaintiff's compliance would be unavailing and a

waste of this court's scarce judicial resources.  Consequently, the undersigned concludes

that this case is due to be dismissed.  *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.

1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for

failure to obey a court order is not an abuse of discretion.). The authority of courts to

impose sanctions for failure to prosecute or obey an order is longstanding and

acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *See Link v. Wabash*

*R.R. Co.*, 370 U.S. 626, 629–30 (1962).  This authority empowers the courts "to manage

their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Id*. at

630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989)

(holding that a "district court possesses the inherent power to police its docket.").  "The

sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.*

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Plaintiff's failure to provide the court with a current address.  On or before **February 10, 2020**, Plaintiff may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects.  Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 27th day of January, 2020.


/s/ Stephen M. Doyle_____
UNITED STATES MAGISTRATE JUDGE

3